# EXHIBIT A

# COLLIER ON BANKRUPTCY ®

## FIFTEENTH EDITION

### VOLUME 5

Lawrence P. King
*Editor-in-Chief*

### 1996

*Current Through:*
RELEASE NO. 59, AUGUST 1996

MATTHEW BENDER

## QUESTIONS ABOUT THIS PUBLICATION?

For questions about the **Editorial Content** appearing in these volumes or reprint permission, please call

Ellen Siegel, J.D., at .................................................. 1-800-252-9257 (ext. 8574)
Mark Diamond, J.D. at ............................................. 1-800-252-9257 (ext. 8285)
Outside the United States and Canada please call ....................... (212) 967–7707

For assistance with replacement pages, shipments, billing or other customer service matters, please call:

Customer Services Department at ............................................... (800) 833-9844
Outside the United States and Canada please call ....................... (518) 487–3000
Fax number ................................................................................ (518) 487–3584

For information on other Matthew Bender publications, please call
Your account manager or ........................................................... (800) 223-1940
Outside the United States and Canada please call ....................... (518) 487–3000

Copyright © 1996 By Matthew Bender & Company Incorporated
All Rights Reserved. Printed in United States of America.
No copyright is claimed in the text of statutes, regulations, and excerpts from court opinions quoted within this work. Permission to copy material exceeding fair use, § 17 U.S.C. 107, may be licensed for a fee of $1 per page per copy from the Copyright Clearance Center, 222 Rosewood Drive, Danvers, Mass 01923, telephone (508) 750-8400.

Library of Congress Catalog Card Number: 40–4207



MATTHEW BENDER & CO., INC.
Editorial Offices
11 Penn Plaza, New York, NY 10001–2006 (212) 967-7707
2101 Webster St., Oakland, CA 94612–3027 (510) 446-7100

# CHAPTER 1103

## Powers and Duties of Committees

## BANKRUPTCY CODE, Section 1103

### (11 United States Code § 1103)

**§ 1103. Powers and duties of committees.**

(a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

(b) An attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

(c) A committee appointed under section 1102 of this title may—

   (1) consult with the trustee or debtor in possession concerning the administration of the case;

   (2) investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;

   (3) participate in the formulation of a plan, advise those represented by such committee of such committee's determinations as to any plan formulated, and collect and file with the court acceptances or rejections of a plan;

   (4) request the appointment of a trustee or examiner under section 1104 of this title; and

(5) perform such other services as are in the interest of those represented.

(d) As soon as practicable after the appointment of a committee under section 1102 of this title, the trustee shall meet with such committee to transact such business as may be necessary and proper.

## Synopsis

¶ 1103.01. Selection of Attorneys, Accountants and Other Agents; § 1103(a)
    [1]—Background
    [2]—Procedural Safeguards
    [3]—Retention of Attorneys
    [4]—Employment of Accountants
    [5]—Retention of Consultants
    [6]—Other Agents
¶ 1103.02. Terms of Employment of Professional Persons
¶ 1103.03. Limitation on Other Employment; § 1103(b)
¶ 1103.04. Disinterested Person Standard
¶ 1103.05. Compensation of Attorneys, Accountants and Agents of a Committee
¶ 1103.06. Compensation for Services Rendered Prior to Appointment Under Section 1103(a)
¶ 1103.06A. Reimbursement of Expenses of Individual Member of Committee
¶ 1103.07. Duties of Committee
    [1]—Description of Duties
    [2]—Scope of a Committee's Duties
    [3]—Consultation Concerning Administration; § 1103(c)(1)
    [4]—Investigation of the Debtor's Financial Affairs; § 1103(c)(2)
    [5]—Participation in the Formulation of a Plan
    [6]—Collect and File Acceptances; § 1103(c)(3)
    [7]—Request Appointment of Trustee or Examiner; § 1103(c)(4)
    [8]—Perform Other Services; § 1103(c)(5)
    [9]—Control Person Liability
¶ 1103.08. Standing to Sue

## ¶ 1103.01. Selection of Attorneys, Accountants and Other Agents; § 1103(a).

### [1]—Background.

Section 1103(a) is derived from Chapter XI Rule 11-29(b)[1] which provided that the official creditors' committee in a case under former Chapter XI case could employ such attorneys, accountants, and other agents as were necessary to assist the

---

[1] Rule 11-29(b) provided that: "A committee selected pursuant to Rule 11-27 may employ such attorneys, accountants, and other agents as may be necessary to assist in the performance of its functions."

1103-3 REORGANIZATION ¶ 1103.01

committee in the performance of its functions. The functions of the committee were outlined in former Rule 11-29(a).

Section 1103(a) does not address the issue of when a committee of creditors or security holders should retain attorneys, accountants, or other agents to represent or perform services for a particular committee. Nor does section 1103(a) provide the court with directions concerning the circumstances under which the court can refuse to approve a committee's retention of attorneys, accountants, or agents.

Section 1103(a) contains a limited procedural framework for committee selection of attorneys and other agents. First, a committee can only authorize the employment of attorneys, accountants, or other agents at a scheduled meeting of such committee. Second, a majority of members of the committee must be present at such meeting. Finally, the committee's decision with respect to retention of attorneys, accountants, or other agents is subject to court approval.

### [2]—Procedural Safeguards.

Section 1103(a) not only provides for the employment by a committee of such professional persons as may be required to permit the committee to carry out the duties set forth in section 1103(c), but also contains guidelines designed to ensure that the entire committee has an opportunity to participate in the four critical decisions which each committee appointed under section 1102 must make.[1a] These decisions are as follows:

(A) whether the committee should retain legal counsel;

(B) who the committee should retain as counsel if the committee determines that legal counsel is necessary;

(C) whether the committee should retain the services of an accountant; and

(D) who the committee should retain if the committee determines that an accountant is necessary.

---

[1a] *See* Sulmeyer, Collier Handbook for Creditors' Committees, ¶¶ 13.02, 14.02 (Matthew Bender).

In order to ensure full participation by committee members with respect to the above issues, the drafters of the Code have included certain procedural safeguards in section 1103(a).

### [3]—Retention of Attorneys.

In most cases, a committee appointed under section 1102 will determine that it is necessary and appropriate for the committee to employ counsel. Section 1103(a) permits a committee to employ more than one individual or firm as counsel to the committee. The language of section 1103(a) permitting retention of more than one counsel is not intended, however, to endorse the practice in many cases under former Chapter XI of retention of co-counsel with, perhaps, one firm to serve as counsel to institutional lenders and the other firm to serve as counsel to trade creditors. The House Report states that employment of more than one counsel "will be the exception, and not the rule."[2] The House Report also notes that cause must be shown to depart from the normal standard of retention of one firm.[3] The Senate Report confirms the position taken in the House Report:

> Normally one attorney should suffice; more than one may be authorized for good cause. The same considerations apply to the services of others, if the need for any at all is demonstrated.[4]

In light of the language of the House Report, "good cause" for multiple representation of the committee should not include the fact that co-counsel arrangements were common in Chapter XI cases. Members of committees appointed under section 1102 should function as fiduciaries representing the common interest of the class of creditors or equity interests represented by their committee. The drafters of the Code have attempted to encourage committee members to act in a manner consistent with their fiduciary obligations by prohibiting representation of a committee by a person who has an adverse interest in connection with the case.[5]

---

[2] H.R. Rep. No. 595, 95th Cong., 1st Sess. 402 (1977), *reprinted in* App. Vol. 2 Collier on Bankruptcy, Part II (Matthew Bender 15th ed.).

[3] *Id.*

[4] S. Rep. No. 989, 95th Cong., 2d Sess. 114 (1978), *reprinted in* App. Vol. 3 Collier on Bankruptcy, Part V (Matthew Bender 15th ed.).

[5] *See* ¶ 1103.04 regarding section 1103(b).

### [4]—Employment of Accountants.

In most large cases and in those cases where there are questions concerning the integrity of the debtor or the performance of the debtor's accountants, a committee may reasonably determine that the committee should employ accountants. There are, however, cases in which the committee may properly decide that such retention is not necessary. For example, in a case where the debtor is a corporation which has retained new accountants either shortly before or after the filing date and the committee is promised direct access to such accountants, the committee may determine that retention of accountants to represent the committee is an unnecessary additional expense of administration.[5a]

If the appointment of several committees is authorized under section 1102, based on the facts of a particular case, the court may determine that it is unnecessary and potentially counterproductive for each committee to retain separate accountants at the inception of the case. On the other hand, in a chapter 11 case involving a corporation with a complicated financial structure, where there are various classes of public debt and separate committees have been authorized under section 1102(a)(2) to represent different classes of creditors, separate accountants may be necessary.[5b] This is particularly true if it is likely that different creditor groups will file plans under section 1121(c) which may require the court to determine the reorganization value of the debtor.[6]

The decision of a committee appointed under section 1102 concerning employment of accountants or other agents of the committee is subject to review by the court. In a case where

---

[5a] In Matter of International Horizons, Inc., 689 F.2d 996, 7 C.B.C.2d 584 (11th Cir. 1982), the court held that there was no federal law of accountant-client privilege and the state law (Georgia) granting such privilege did not apply, at least in bankruptcy cases. The federal law (§ 1103(c)(2)) gives bankruptcy courts and creditors (through committees) access to the financial information of the debtor and inserting such a state-created privilege would thwart the Congressional purpose as expressed in the Bankruptcy Code.

[5b] See, e.g., In re Saxon Industries, Inc., 29 B.R. 320 (B. Ct., S.D.N.Y. 1983) (equity security holders' committee authorized to employ its own accountants).

[6] See 11 U.S.C. § 1129(b).

the debtor remains in possession and thus has the exclusive right to file a plan for either 100 or 120 days after entry of the order for relief,[7] the court may decide to defer its decision with respect to retention of accountants unless the committee can establish that the performance of the debtor's accountants is subject to question. If the debtor is unable to negotiate a plan acceptable to the class of claims or interests represented by the committee, the court should reconsider the committee's application based upon the committee's need (i) to protect the interest of its class in the event that the debtor attempts to use the cram down provisions of section 1129(b) to confirm the plan in the absence of the consent of such class or (ii) to establish, with the assistance of accountants, evidentiary support for a plan to be proposed by the committee after appointment of a trustee, if such appointment is made, or expiration of the time in which the debtor has the exclusive right to file a plan.[8]

### [5]—Retention of Consultants.

In large cases under the Bankruptcy Act, courts were from time to time requested to approve retention of consultants by the debtor or by the creditors' committee.[9] While committees

---

[7] Under section 1121(d), the court may shorten or extend such 120 day period if a request is filed by a party in interest and good and sufficient cause is shown for such relief. Under section 1121(e), as added by the Bankruptcy Reform Act of 1994, (enacted on October 22, 1994 and effective in cases commenced on or after the date of enactment, a chapter 11 small business debtor has only a 100 day exclusive period to file a chapter 11 plan.

[8] See n.1 supra.

[9] Consultants may render useful services to a committee irrespective of whether the debtor is successfully rehabilitated. In the *W. T. Grant* Chapter XI case (No. 75B1735 S.D.N.Y.), consultants were retained by both the debtor and the committee. The findings of such consultants concerning the advanced state of deterioration in Grant's retailing operations was a primary reason for the decision of the creditors' committee to recommend an orderly liquidation. See Bankruptcy Reform Act of 1978, Hearings on S.2266 and H.R. 8200 Before the Subcomm. on Improvements in Judicial Machinery, 95th Cong., 1st Sess. 587 (1977) (Statement of John J. Jerome).

In *In re* United Merchants and Manufacturers, Inc. (No. 77B1513 S.D.N.Y.), consultants were retained by the debtor to evaluate the debtor's domestic textile operations around which the debtor proposed to reorga-

may require the services of consultants in order to investigate the debtor's operations and determine whether a plan of reorganization is feasible, the court should refuse to authorize retention of consultants if such services will duplicate services to be rendered by other consultants or by the trustee, examiner, debtor, or other committees. After a showing that the trustee or debtor refuses to permit a committee to have access to the consultants and their work product, the court may authorize separate retention of consultants by the committee upon a sufficient showing of need for such services.

### [6]—Other Agents.

Included within the category of other agents is the secretary for the committee, who is responsible for maintaining minutes of meetings of the committee and certain other administrative duties, including the circularization of the creditors, notification to creditors of committee action, solicitation of acceptances of a plan recommended by, or proposed by, the committee, solicitation of rejections of plans which the committee opposes, and so on.[10]

In addition, in large cases, investment bankers may be retained. In these cases, investment bankers supply expertise and sophistication with respect to valuation of securities, evaluation of subsidiaries and divisions, and techniques of financial restructuring.

## ¶ 1103.02. Terms of Employment of Professional Persons.

Pursuant to section 328(a), a committee appointed under section 1102, with the court's approval, may employ or authorize the employment of professional persons under section 1103 on any reasonable terms and conditions of employment, including on the basis of a retainer, fixed hourly rates, a contingent fee, or some combination of the foregoing. Notwithstanding the original terms of employment, the court may allow different

---

nize. The creditors' committee was given direct access to the consultants and their reports which obviated the necessity of separate retention of consultants by the committee.

[10] 14 Collier on Bankruptcy, ¶ 11-29.03 (Matthew Bender 14th ed.).

compensation after the conclusion of such employment if such terms and conditions prove to have been improvident in light of development not capable of being anticipated at the time the court approved the original terms and conditions of employment.

## ¶ 1103.03. Limitation on Other Employment; § 1103(b).

Section 1103(b) states that:

> An attorney or accountant employed to represent a committee appointed under section 1102 of this title, may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

Section 1103(b) was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984.[a] Prior to the amendment, a person employed to represent a committee could not represent any other entity in connection with the case while employed by such committee. The legislative history of the original section 1103(b) referred to the potential conflict of interest inherent in the dual representation of a creditors' committee and of one or more of the members of such committee with respect to their claims against the debtor.[b] The absence

---

[a] Pub. L. No. 98-353, Title III, § 500 (1984).

[b] The House Report describes the purpose of section 1103(b) as follows:

> In order to discourage the practices surrounding election of creditors' committees today and to avoid a serious potential for conflict of interest, the bill requires that the counsel to the creditors' committee cease any representation of creditors in their individual capacities in connection with the case. Under present practice, the attorney with the most proxies can usually have himself retained as counsel for a creditors' committee. The practice presents an enormous potential for conflict of interest. If the creditors on a committee split in a vote, the attorney for a particular creditor on the committee may be required to represent both the committee's position and his creditor-client's position, which may be directly contrary to the committee's position. Under this bill, where more diverse interests may be represented on committees than under current law, the conflict is more likely to arise. Thus, the bill requires that an attorney for a creditors' committee cease